UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-31 (PJS/HB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **SUPERSEDING INDICTMENT** |
| | ) | |
| v. | ) | 26 U.S.C. § 7201 |
| | ) | 18 U.S.C. § 514(a)(2) |
| DONALD GIBSON, | ) | |
| | ) | |
| Defendant. | ) | |

THE UNITED STATES GRAND JURY CHARGES THAT:

### INTRODUCTORY ALLEGATIONS

1. At times relevant to the Indictment:

    a. Defendant DONALD GIBSON was a chiropractor licensed in the State of Minnesota.

    b. Defendant GIBSON earned income as a chiropractor during calendar years 2004 through 2014.

    c. Defendant GIBSON failed to file federal income tax returns with the Internal Revenue Service ("IRS") for calendar years 2004 through 2014.

    d. On or about April 20, 2009, the IRS mailed defendant GIBSON a letter requesting that he file his federal income tax returns for calendar years 2004, 2005, and 2006.

    e. On or about May 18, 2009, defendant GIBSON sent correspondence to the IRS claiming that he was not a "taxpayer."

SCANNED
APR 1 9 2016
U.S. DISTRICT COURT MPLS

  f. The IRS conducted an audit of defendant GIBSON for calendar years 2004 through 2010. In or about May 2012, the IRS informed defendant GIBSON that he owed approximately $330,211 in federal income taxes for calendar years 2004 through 2010.

  g. Sovereign Christian Mission was registered as a nonprofit organization registered in the State of Oregon.

  h. Defendant GIBSON was the President of Sovereign Christian Mission.

## COUNT ONE
(Tax Evasion)

2. Paragraph 1 is re-alleged as if set forth herein.

3. Beginning no later than in or about April 2009 and continuing until at least in or about August 2014, in the State and District of Minnesota and elsewhere, the defendant,

**DONALD GIBSON,**

did willfully attempt to evade and defeat the payment of income tax due and owing by him to the United States of America for the calendar years 2004, 2005, 2006, 2007, 2008, 2009, and 2010, by failing to file federal income tax returns and by committing the following affirmative acts of evasion, including but not limited to:

  a. Defendant GIBSON cashed business checks earned from his work as a chiropractor at a check-cashing facility.

  b. Defendant GIBSON purchased money orders at a check-cashing facility using money he earned from his work as a chiropractor.

  c. Defendant GIBSON purchased stored value cards at a check-cashing facility using money he earned from his work as a chiropractor.

  d. On or about May 28, 2012, defendant GIBSON submitted to the IRS a fake "Private Offset Discharging and Indemnity Bond" in the amount of $300 million that he fraudulently claimed satisfied his outstanding tax liabilities.

  e. On or about June 11, 2012, defendant GIBSON submitted to the IRS fake money orders that he fraudulently claimed satisfied his outstanding tax liabilities.

  f. On or about October 16, 2013, defendant GIBSON registered or caused to be registered Sovereign Christian Mission as a nonprofit corporation with the Oregon Secretary of State.

  g. On or about January 9, 2014, defendant GIBSON opened up a bank account in the name of Sovereign Christian Mission.

  h. On or about January 24, 2014, defendant GIBSON registered Sovereign Christian Mission as a nonprofit corporation with the Minnesota Secretary of State.

  i. From in or about January 2014 through in or about June 2014, defendant GIBSON deposited income from his chiropractic practice into the bank account he opened in the name of Sovereign Christian Mission.

  j. From in our about January 2014 through in or about June 2014, defendant GIBSON paid his personal expenses using funds deposited into the bank account of the Sovereign Christian Mission.

All in violation of Title 26, United States Code, Section 7201.

## COUNT TWO
(Fictitious Obligation)

4.   Paragraph 1 is re-alleged as if set forth herein.

5.   On or about June 11, 2012, in the State and District of Minnesota, the defendant,

**DONALD GIBSON,**

with the intent to defraud the United States, passed, uttered, presented, offered, brokered, issued, sold, and attempted and caused to do the same, a false and fictitious instrument appearing, representing, purporting, and contriving through scheme and artifice to be an actual financial instrument issued under the authority of the United States. Specifically, defendant GIBSON submitted and caused to be submitted to the Department of the Treasury a fictitious financial instrument, that is a "Private Offset Discharging and Indemnity Bond" in the amount of $300 million, for the purported payment of his federal income tax liabilities.

All in violation of Title 18, United States Code, Section 514(a)(2).

## COUNT THREE
(Tax Evasion)

6.   Paragraph 1 is re-alleged as if set forth herein.

7.   During the 2011 calendar year, in the State and District of Minnesota, the defendant,

**DONALD GIBSON,**

had and received a substantial amount of taxable income, upon which there was a substantial amount of income tax due and owing. Well knowing and believing the foregoing facts, defendant GIBSON did willfully attempt to evade and defeat the individual income taxes due and owing by him to the United States of America for the calendar year 2011, by failing to file a United States Individual Income Tax Return as required by law, and by committing various affirmative acts of evasion, including but not limited to:

    a.    Defendant GIBSON cashed business checks earned from his work as a chiropractor at a check-cashing facility.

    b.    Defendant GIBSON purchased money orders at a check-cashing facility using money he earned from his work as a chiropractor.

    c.    Defendant GIBSON purchased stored value cards at a check-cashing facility using money he earned from his work as a chiropractor.

    d.    Defendant GIBSON used money orders, cash, and other means to avoid creating the usual records of financial transactions and to conceal his income.

All in violation of Title 26, United States Code, Section 7201.

### COUNT FOUR
(Tax Evasion)

8.    Paragraph 1 is re-alleged as if set forth herein.

9.    During the 2012 calendar year, in the State and District of Minnesota, the defendant,

DONALD GIBSON,

had and received a substantial amount of taxable income, upon which there was a substantial amount of income tax due and owing. Well knowing and believing the foregoing facts, defendant GIBSON did willfully attempt to evade and defeat the individual income taxes due and owing by him to the United States of America for the calendar year 2012, by failing to file a United States Individual Income Tax Return as required by law, and by committing various affirmative acts of evasion, including but not limited to:

a. Defendant GIBSON cashed business checks earned from his work as a chiropractor at a check-cashing facility.

b. Defendant GIBSON purchased money orders at a check-cashing facility using money he earned from his work as a chiropractor.

c. Defendant GIBSON purchased stored value cards at a check-cashing facility using money he earned from his work as a chiropractor.

d. Defendant GIBSON used money orders, cash, and other means to avoid creating the usual records of financial transactions and to conceal his income.

All in violation of Title 26, United States Code, Section 7201.

## COUNT FIVE
(Tax Evasion)

10. Paragraph 1 is re-alleged as if set forth herein.

11. During the 2013 calendar year, in the State and District of Minnesota, the defendant,

DONALD GIBSON,

had and received a substantial amount of taxable income, upon which there was a substantial amount of income tax due and owing. Well knowing and believing the foregoing facts, defendant GIBSON did willfully attempt to evade and defeat the individual income taxes due and owing by him to the United States of America for the calendar year 2013, by failing to file a United States Individual Income Tax Return as required by law, and by committing various affirmative acts of evasion, including but not limited to:

a.  Defendant GIBSON cashed business checks earned from his work as a chiropractor at a check-cashing facility.

b.  Defendant GIBSON purchased money orders at a check-cashing facility using money he earned from his work as a chiropractor.

c.  Defendant GIBSON purchased stored value cards at a check-cashing facility using money he earned from his work as a chiropractor.

d.  Defendant GIBSON used money orders, cash, and other means to avoid creating the usual records of financial transactions and to conceal his income.

All in violation of Title 26, United States Code, Section 7201.

## COUNT SIX
(Tax Evasion)

12.  Paragraph 1 is re-alleged as if set forth herein.

13.  During the 2014 calendar year, in the State and District of Minnesota, the defendant,

DONALD GIBSON,

had and received a substantial amount of taxable income, upon which there was a substantial amount of income tax due and owing. Well knowing and believing the foregoing facts, defendant GIBSON did willfully attempt to evade and defeat the individual income taxes due and owing by him to the United States of America for the calendar year 2014, by failing to file a United States Individual Income Tax Return as required by law, and by committing various affirmative acts of evasion, including but not limited to:

    a.    Defendant GIBSON cashed business checks earned from his work as a chiropractor at a check-cashing facility.

    b.    Defendant GIBSON purchased money orders at a check-cashing facility using money he earned from his work as a chiropractor.

    c.    Defendant GIBSON purchased stored value cards at a check-cashing facility using money he earned from his work as a chiropractor.

    d.    Defendant GIBSON used money orders, cash, and other means to avoid creating the usual records of financial transactions and to conceal his income.

    e.    Defendant GIBSON registered or caused to be registered Sovereign Christian Mission as a nonprofit corporation with the Oregon Secretary of State.

    f.    Defendant GIBSON opened up a bank account in the name of Sovereign Christian Mission.

  g. Defendant GIBSON registered Sovereign Christian Mission as a nonprofit corporation with the Minnesota Secretary of State.

  h. Defendant GIBSON deposited income from his chiropractic practice into the bank account he opened in the name of Sovereign Christian Mission.

 All in violation of Title 26, United States Code, Section 7201.

A TRUE BILL

_____  _____
UNITED STATES ATTORNEY    FOREPERSON